**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON E. HOKANSON, SB# 118829
hokanson@lbbslaw.com
DANIEL C. DECARLO, SB# 160307
decarlo@lbbslaw.com
JOSEPHINE A. BROSAS, SB# 239342
brosas@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff/Counterclaim-Defendant
SASCO

ROLAND TONG, SB# 216836
rtong@brookskushman.com
**BROOKS KUSHMAN P.C.**
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017-5726
Phone: (213) 622-3003
Fax:  (213) 622-3053

Attorneys for Defendant/Counterclaimant
WEBER ELECTRIC MANUFACTURING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SASCO, a California corporation,<br><br>         Plaintiff,<br><br>      vs.<br><br>WEBER ELECTRIC MANUFACTURING COMPANY, a Michigan corporation,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. SACV 13-00022 CJC (JPRx)<br><br>The Hon. Cormac J. Carney<br><br>[Assigned to Magistrate Judge Jean P. Rosenbluth for discovery purposes]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br>Action Filed:   January 4, 2013<br>Trial Date:    None Set |

LEWIS
BRISBOIS

1    The Court recognizes that at least some of the documents and information

2 ("materials") being sought through discovery in the above-captioned action are, for

3 competitive reasons, normally kept confidential by the parties.  The parties have

4 agreed to be bound by the terms of this Protective Order ("Order") in this action.

5    The materials to be exchanged throughout the course of the litigation between

6 the parties may contain trade secret or other confidential research, technical, cost,

7 price, marketing or other commercial information.  The purpose of this Order is to

8 protect the confidentiality of such materials as much as practical during the

9 litigation.  THEREFORE:

10                            DEFINITIONS

11    1.    The term "Confidential Information" will mean and includes

12 information contained or disclosed in any materials, including documents, portions

13 of documents, answers to interrogatories, responses to requests for admissions,

14 deposition testimony, and transcripts of depositions, including data, summaries, and

15 compilations derived therefrom that is deemed to be Confidential Information by

16 any party to which it belongs.  The provisions of the Protective Order do not apply

17 to trial or other hearings before the Court.

18    2.    The term "materials" will include, but is not be limited to: documents;

19 correspondence; e-mails; memoranda; bulletins; blueprints; specifications; customer

20 lists or other material that identify customers or potential customers; price lists or

21 schedules or other matter identifying pricing; minutes; telegrams; letters; statements;

22 cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of

23 conversations; desk diaries; appointment books; expense accounts; recordings;

24 photographs; motion pictures; compilations from which information can be obtained

25 and translated into reasonably usable form through detection devices; sketches;

26 drawings; notes (including laboratory notebooks and records); reports; instructions;

27 disclosures; other writings; models and prototypes and other physical objects.

28    3.    The term "counsel" will mean outside counsel of record, and other

LEWIS
BRISBOIS

1  attorneys, paralegals, secretaries, and other support staff employed in the law firms

2  identified below:

3  Lewis Brisbois Bisgaard & Smith LLP and Brooks Kushman P.C.

4  <u>GENERAL RULES</u>

5      4.    Each party to this litigation that produces or discloses any materials,

6  answers to interrogatories, responses to requests for admission, deposition

7  testimony, and transcripts of depositions, or information that the producing party

8  believes should be subject to this Protective Order may designate the same as

9  "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

10      a.    Designation as "CONFIDENTIAL": Any party may designate

11  information as "CONFIDENTIAL" only if, in the good faith belief of such party and

12  its counsel, the unrestricted disclosure of such information could be potentially

13  prejudicial to the business or operations of such party.

14      b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY":  Any

15  party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY"

16  only if, in the good faith belief of such party and its counsel, the information is

17  among that considered to be most sensitive by the party, including but not limited to

18  trade secret or other confidential research, development, financial or other

19  commercial information; provided however, that sales information and customer

20  identities for products accused of infringement shall not be designated

21  "CONFIDENTIAL – FOR COUNSEL ONLY", but may be designated as

22  'CONFIDENTIAL".

23      5.    In the event the producing party elects to produce materials for

24  inspection, no marking need be made by the producing party in advance of the

25  initial inspection. For purposes of the initial inspection, all materials produced will

26  be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be

27  treated as such pursuant to the terms of this Order. Thereafter, upon selection of

28  specified materials for copying by the inspecting party, the producing party must,

LEWIS
BRISBOIS

1   within a reasonable time prior to producing those materials to the inspecting party,

2   mark the copies of those materials that contain Confidential Information with the

3   appropriate confidentiality marking.

4         6.      Whenever a deposition taken on behalf of any party involves a

5   disclosure of Confidential Information of any party:

6                 (a)      the deposition or portions of the deposition must be designated as

7                               containing Confidential Information subject to the provisions of

8                               this Order; such designation must be made on the record

9                               whenever possible, but a party may designate portions of

10                               depositions as containing Confidential Information after

11                               transcription of the proceedings; a party will have until fourteen

12                               (14) days after receipt of the deposition transcript to inform the

13                               other party or parties to the action of the portions of the transcript

14                               to be designated "CONFIDENTIAL" or "CONFIDENTIAL -

15                               FOR COUNSEL ONLY."

16                 (b)      the disclosing party will have the right to exclude from

17                               attendance at the deposition, during such time as the Confidential

18                               Information is to be disclosed, any person other than the

19                               deponent, counsel (including their staff and associates), the court

20                               reporter, and the person(s) agreed upon pursuant to paragraph 8

21                               below; and

22                 (c)      the originals of the deposition transcripts and all copies of the

23                               deposition must bear the legend "CONFIDENTIAL" or

24                               "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate,

25                               and the original or any copy ultimately presented to a court for

26                               filing must not be filed unless it can be accomplished under seal,

27                               identified as being subject to this Order, and protected from

28                               being opened except by order of this Court.  Any request to file a

LEWIS
BRISBOIS

1    document under seal must comply with Local Rule 79-5.

2        7.      All Confidential Information designated as "CONFIDENTIAL" or

3    "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the

4    receiving party to anyone other than those persons designated within this order and

5    must be handled in the manner set forth below and, in any event, must not be used

6    for any purpose other than in connection with this litigation, which includes adding

7    parties and/or identifying additional infringers.

8        8.      Information designated "CONFIDENTIAL - FOR COUNSEL ONLY"

9    must be viewed only by counsel (as defined in paragraph 3) of the receiving party,

10   and by independent experts under the conditions set forth in this Paragraph.  The

11   right of any independent expert to receive any Confidential Information will be

12   subject to the advance approval of such expert by the producing party or by

13   permission of the Court.  The party seeking approval of an independent expert must

14   provide the producing party with the name and curriculum vitae of the proposed

15   independent expert, and an executed copy of the form attached hereto as Exhibit A,

16   in advance of providing any Confidential Information of the producing party to the

17   expert.  Any objection by the producing party to an independent expert receiving

18   Confidential Information must be made in writing within seven (7) days following

19   receipt of the identification of the proposed expert.  Confidential Information may

20   be disclosed to an independent expert if the seven (7) day period has passed and no

21   objection has been made.  The disapproval of independent experts may only be

22   exercised only upon a showing of a genuine conflict of interest for such expert.

23       9.      Information designated "CONFIDENTIAL" must be viewed only by

24   counsel (as defined in paragraph 3) of the receiving party, by independent experts

25   (pursuant to the terms of paragraph 8), and personnel listed below:

26       (a)     Executives who are required to participate in policy decisions

27               with reference to this action;

28       (b)     Technical personnel of the parties with whom Counsel for the

LEWIS
BRISBOIS

1   parties find it necessary to consult, in the discretion of such

2   counsel, in preparation for trial of this action; and

3     (c) Stenographic and clerical employees associated with the

4   individuals identified above.

5     10. With respect to material designated "CONFIDENTIAL" or

6   "CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of

7   the document to be its originator, author or a recipient of a copy of the document,

8   may be shown the same.

9     11. All information which has been designated as "CONFIDENTIAL" or

10  "CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing party,

11  and any and all reproductions of that information, must be retained in the custody of

12  the counsel for the receiving party identified in paragraph 3, except that independent

13  experts authorized to view such information under the terms of this Order may

14  retain custody of copies such as are necessary for their participation in this litigation.

15    12. Before any materials produced in discovery, answers to interrogatories,

16  responses to requests for admissions, deposition transcripts, or other documents

17  which are designated as Confidential Information are filed with the Court for any

18  purpose, the party seeking to file such material must seek permission of the Court to

19  file the material under seal.  Any request to file a document under seal must comply

20  with Local Rule 79-5.

21    13. At any stage of these proceedings, any party may object to a

22  designation of the materials as Confidential Information.  The party objecting to

23  confidentiality must notify, in writing, counsel for the designating party of the

24  objected-to materials and the grounds for the objection.  If the dispute is not

25  resolved consensually between the parties within seven (7) days of receipt of such a

26  notice of objections, the objecting party may move the Court for a ruling on the

27  objection.  The materials at issue must be treated as Confidential Information, as

28  designated by the designating party, until the Court has ruled on the objection or the

LEWIS
BRISBOIS
...

STIPULATED PROTECTIVE ORDER

1    matter has been otherwise resolved.  Challenges to the designation of Confidential

2    Information must comply with Local Rules 37-1 and 37-2, including the Joint

3    Stipulation provision.

4            14.    All Confidential Information must be held in confidence by those

5    inspecting or receiving it.  Counsel for each party and each person receiving

6    Confidential Information must take reasonable precautions to prevent the

7    unauthorized or inadvertent disclosure of such information.  If Confidential

8    Information is disclosed to any person other than a person authorized by this Order,

9    the party responsible for the unauthorized disclosure must immediately bring all

10   pertinent facts relating to the unauthorized disclosure to the attention of each other

11   party and, without prejudice to any rights and remedies of each other party, make

12   every effort to prevent further disclosure by the party and by the person(s) receiving

13   the unauthorized disclosure.

14           15.    No party will be responsible to another party for disclosure of

15   Confidential Information under this Order if the information in question is not

16   labeled or otherwise identified as such in accordance with this Order.

17           16.    If a party, through inadvertence, produces any Confidential Information

18   without labeling or marking or otherwise designating it as such in accordance with

19   this Order, the designating party may give written notice to the receiving party that

20   the document or thing produced is deemed Confidential Information, and that the

21   document or thing produced should be treated as such in accordance with that

22   designation under this Order.  The receiving party must treat the materials as

23   confidential, once the designating party so notifies the receiving party.  If the

24   receiving party has disclosed the materials before receiving the designation, the

25   receiving party must notify the designating party in writing of each such disclosure.

26   Counsel for the parties will agree on a mutually acceptable manner of labeling or

27   marking the inadvertently produced materials as "CONFIDENTIAL" or

28   "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE

LEWIS
BRISBOI
S

STIPULATED PROTECTIVE ORDER

ORDER.

17.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the producing party with the factual basis for the assertion of privilege or immunity.  Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s).  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.  The parties agree that Federal Rule of Evidence 502 shall apply to this action.  Any challenge to the propriety of any privilege or immunity designation must comply with Local Rules 37-1 and 37-2, including the Joint Stipulation provision.

18.     Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

20.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

LEWIS
BRISBOIS

STIPULATED PROTECTIVE ORDER

21.    Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23.    The restrictions and obligations set forth within this order will not apply to any information that:  (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

24.    The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

25.    Transmission by facsimile or e-mail is acceptable for all notification

STIPULATED PROTECTIVE ORDER

LEWIS
BRISBOIS

1  purposes within this order.

2      26.    This Order may be modified by agreement of the parties, subject to

3  approval by the Court.

4      27.    The Court may modify the terms and conditions of this Order for good

5  cause, or in the interest of justice, or on its own order at any time in these

6  proceedings.  The parties prefer that the Court provide them with notice of the

7  Court's intent to modify the Order and the content of those modifications, prior to

8  entry of such an order.

9

10     IT IS SO ORDERED this 8th day of July, 2013

11

12

13     _____

14     Hon. Jean P. Rosenbluth, Magistrate Judge

15

16  DATED:                    JON E. HOKANSON

17                            DANIEL C. DECARLO

                              JOSEPHINE A. BROSAS

18                            LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20

                              By:  _____/s/ Jon E. Hokanson_____

21                                 Jon E. Hokanson

22                                 Daniel C. DeCarlo

23                                 Josephine A. Brosas

                                   Attorneys for Plaintiff/

24                                 Counterclaim-Defendant SASCO

25

26

27

28

10

1   DATED:                    ROLAND TONG
2                          BROOKS KUSHMAN P.C.

3

4                         /s/ Roland Tong (as authorized on
                 By: 7/2/2013)
5                         Roland Tong
6                         Attorneys for Defendant/
                         Counterclaimant WEMCO

STIPULATED PROTECTIVE ORDER

LEWIS
BRISBOIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SASCO, a California corporation, | CASE NO. SACV 13-00022 CJC (JPRx) |
| Plaintiff, | The Hon. Cormac J. Carney |
| vs. | [Assigned to Magistrate Judge Jean P. Rosenbluth for discovery purposes] |
| WEBER ELECTRIC MANUFACTURING COMPANY, a Michigan corporation, | **EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER** |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |
| | Action Filed:   January 4, 2013<br>Trial Date:      None Set |

I, _____, declare and say that:

1.     I am employed as _____ by _____.

2.     I have read the Protective Order entered in SASCO v WEBER ELECTRIC MANUFACTURING COMPANY, Case No. SACV 13-00022 CJC (JPRx) and have received a copy of the Protective Order.

3.     I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only

in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____


_____
[Print name]

LEWIS
BRISBOI
S

STIPULATED PROTECTIVE ORDER